UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JACQUELINE PERDOMO on behalf of
X.M., a minor,

                  Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

Civ. No. 17-5003

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

Jacqueline Perdomo brings this action on behalf of X.M., a minor, pursuant to 45 U.S.C. § 405(g) to review a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for child's Supplemental Security Income ("SSI") under the Social Security Act ("SSA").

For the reasons set forth below, I remand this action to the Appeals Council to consider new evidence.

## I. BACKGROUND[1]

Ms. Perdomo seeks to reverse a decision that her child, X.M., was not disabled and not entitled to child's SSI. Ms. Perdomo originally applied for SSI

---

[1] The Administrative Record (DE 6, and hereinafter "R."), is voluminous and spread across eight attachments. The pages may be found in the following order.

| | | | | | |
|---|---|---|---|---|---|
| R. 1–66 | = | [DE 8-2] | R. 67–87 | = | [DE 8-3] |
| R. 88–170 | = | [DE 8-4] | R. 170–175 | = | [DE 8-5] |
| R. 191–354 | = | [DE 8-6] | R. 355–360 | = | [DE 8-7] |
| R. 361–411 | = | [DE 8-8] | R. 412–470 | = | [DE 8-9] |
| R. 471–477 | = | [DE 8-10] | | | |

1

on behalf of X.M. in May 2012, with a protective filing date of April 30, 2012, when X.M. was five years old. (R. 170-75, 216). The claim was denied initially and upon reconsideration on July 9, 2014. (R. 88-90, 94-96).

A hearing was held before an ALJ on February 7, 2014. (R. 43-66, 100-07). Ms. Perdomo and X.M. testified. (*Id.*). On July 11, 2014 the ALJ rendered a decision denying benefits. (R. 16-37) On December 9, 2015, the Appeals Council denied Ms. Perdomo's request for review of the ALJ's decision. (R. 1-4). Ms. Perdomo then appealed to federal court, where the case was assigned to me. (R. 439-43; see 16-cv-644 (KM)). On July 21, 2016, I issued a consent order remanding the case back to the Appeals Council to vacate its prior denial of Ms. Perdomo's request for review, allow Ms. Perdomo's representative review the administrative record and submit a brief, and, finally, process the request for review. (R. 442; see Consent Order, DE 9, 16-cv-655 (KM)). After taking those three steps, January 9, 2017, the Appeals Council denied Ms. Perdomo's request for review, (R. 419-25), rendering it the final decision of the Commissioner.

Ms. Perdomo appealed to this Court, asserting that the Commissioner erred in denying benefits or in the alternative that the case should be remanded for the consideration of additional evidence. (*See* DE 1; Pl. Br.).

I focus here on Ms. Perdomo's claim that the Commissioner erred in declining to supplement the record to include new school IEP records, and that this case should be remanded so that those records can be considered. (Pl. Br. p. 30). Because I agree with that argument, I do not reach her other three claims of error, which could be mooted on remand.[2]

---

Further citations are abbreviated as follows:

"Pl. Br." = Brief of Plaintiff Perdomo (DE 18)

"SSA Br." = Administration's responding brief (DE 19)

"Pl. Reply" = Plaintiff Perdomo's brief in reply (DE 21)

[2] Ms. Perdomo asserts in addition that the Commissioner erroneously (1) failed to properly credit medical findings and opinions, (2) found that X.M. did not meet Listing

2

## II.  DISCUSSION

I consider Ms. Perdomo's argument that the Court should order a "new evidence" remand of the case pursuant to either "Sentence Four" or "Sentence Six."[3] (Pl. Br. pp. 26–28).

---

112.11; and (3) failed to properly evaluate X.M.'s educational and psychological evidence. (DE 18)

[3]  The reference is to the fourth and sixth sentences of section 405(g), highlighted in the quotation:

(g) Judicial review

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. **The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.** The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Commissioner of Social Security, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. **The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered,**

3

The new evidence to which Ms. Perdomo refers consists of the December 18, 2015[4] school records from Newark Board of Education, Robert Clemente School (hereinafter, the "December 18, 2015 IEP" or the "2015 IEP"). (DE 18 pp. 27–28; DE 21 pp. 4–5). The SSA Appeals Council declined to supplement the record to permit consideration of the information in the 2015 IEP. The basis for its decision was the date of the records (Dec. 18, 2015), which fell after the relevant period of alleged disability. (*See* R. 420 ("We also looked at the records from your [IEP], dated December 18, 2015 . . . the Administrative Law Judge decided your case through July 11, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 11, 2014.").

I note that the Appeals Council continued, "If you want us to consider whether you were disabled after July 11, 2014, you need to apply again." (*Id.*). It appears that Ms. Perdomo did apply again in 2016, and that this time the application for DIB was approved.[5]

---

**modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.** Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

42 U.S.C. § 405(g) (emphasis added).

[4] Plaintiffs erroneously refer to the record as the "December 18, 2016 records." DE 18 p. 26 (citing to R. 451–467, which is dated December 18, 2015).

[5] Both parties refer to Ms. Perdomo's alleged second SSI application on behalf of X.M. in May 2016, which was, apparently, granted in November 2016. (DE 18 p. 5; DE 19 p. 3). Neither party provides that decision as an exhibit or identifies it in the record. (*Id.*). Even so, I note that, in the documents related to the administrative process in this case, a December 1, 2016 Report of Contact by the Newark, New Jersey Social Security office notes that the "Federal Court [meaning me] remanded [this] case to

4

As to all legal issues, this Court conducts a plenary review. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). As to factual findings, this Court adheres to the ALJ's findings, as long as they are supported by substantial evidence. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citing 42 U.S.C. § 405(g)). Where facts are disputed, this Court will "determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted). Substantial evidence "is more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Id.* (internal quotation marks and citation omitted).

The court has two options when deciding whether to remand a Commissioner's decision. When the Appeals Council has denied review, the court may apply "Sentence Four" review to "affirm, modify, or reverse the Commissioner's decision, with or without a remand based on the record that was made before the ALJ." *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001); *see also* 42 U.S.C. § 405(g). However, Sentence Four review is inappropriate when, as here, the claimant asks the court to review the Appeals Council's decision to not consider evidence that also was not before the ALJ. *Matthews*, 239 F.3d at 594. That being said, the Court may remand the Case to the Commissioner under "Sentence Six" review if the claimant seeks to rely on "new and material" evidence that was "not before the ALJ," and "if there was

---

Appeals Council. *DC applied again and was approved. Please make decision on prior federal court case remanded to appeals council in 08/2016. Retroactive payments are possible on this record."* (R. 426) (emphasis added). As I have stated before, a later [disability] finding does not require that the earlier one be vacated, any more than the earlier finding of non-disability should have precluded the later application. Medical conditions change. *Soto v. Comm'r of Soc. Sec.*, No. 17-cv-89, 2018 WL 355138, at *7 (D.N.J. Jan. 10, 2018) (McNulty, J.).

5

good cause why it was not previously presented to the ALJ." *Id.; see also* 42 U.S.C. § 405(g).

The Third Circuit has fleshed out the requirements for Sentence Six review as follows:

> [T]o support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

*Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984) (internal citations omitted).

Here, Ms. Perdomo asserts that the 2015 IEP presents new and material evidence and that she had good cause not to present it to the ALJ at the hearing. (DE 18 p. 27). In response, defendants argue that the 2015 IEP is not material. (DE 19 pp. 24–25). I disagree; for the reasons set forth below, Ms. Perdomo has made an adequate showing to support a new evidence remand under Sentence Six review.

First, I consider if the evidence is "new." The December 2015 IEP offered is certainly new in the sense that it was compiled after the July 2014 hearing. Further, the IEP report is not merely "cumulative" of evidence in the record; it is in fact, an update on X.M.'s progress and functioning.

Second, I consider if the evidence is "material." The Appeals Council rejected it based on the date: December 18, 2015, which is outside the period of alleged disability. Of course, to be material, evidence must relate to the time period for which benefits were denied. *Szubak*, 745 F.2d at 833. The December 2015 IEP, however, was not confined to X.M.'s status as of that date; it

6

incorporates material dating from the preceding three years. It was therefore material and relevant, and should have been considered.

This is what I mean. In New Jersey, by default, a child's IEP is conducted every three years. N.J. Stat. Ann. § 6A:14-3.8(a). Thus, by design, each new IEP reviews the child's performance and progress since the child's last IEP, which often will have been formulated some three years prior. Here, on February 7, 2014, at the time of the hearing, the only IEP before the ALJ was dated July 1, 2013. (R. 317). The information within that IEP, then, necessarily cut off as of that date, and perhaps months before.[6] Later, after the hearing, X.M.'s school district compiled the December 18, 2015 IEP. By design, that 2015 IEP included information regarding X.M.'s academic achievement and performance since his last IEP. (R. 451–467). Thus, the 2015 IEP included information on X.M.'s functioning between the July 2013 IEP and the February 2014 hearing. I am satisfied that the IEP relates to the period for which benefits were denied.

Next, I determine that the information contained in the 2015 IEP was relevant and probative to the ALJ's decision. It includes a wide variety of assessments, such as teacher input, a progress review, and several evaluations. (R. 318, 452). In fact, 20 C.F.R. § 416.924a(b)(7) specifically prescribes that the ALJ will consider school evidence and special education assessments to determine whether a child has a disability. I cannot avoid a remand, because I cannot find that there is no possibility that the December 2015 IEP would not have changed the outcome of the ALJ's disability determination.[7]

Finally, I consider whether Ms. Perdomo has presented good cause for not incorporating the evidence into the administrative record. Here, the analysis is simple—because the IEP did not exist at the time of the hearing, it

---

[6] Generally citing to the 2013 IEP, Ms. Perdomo asserts that the IEP was completed March 6, 2013, (See DE 18 p. 27); however, the IEP is officially dated July 1, 2013, and I will go by that date. (R. 317).

[7] Indeed, some of the IEP's information may have influenced a later ALJ to grant Ms. Perdomo's second application for SSI benefits.

7

would have been impossible for Ms. Perdomo to place it into the administrative record.

In sum, I determine that the December 2015 IEP records support a "new evidence" remand under Sentence Six. For that reason, I do not consider the rest of the parties' arguments at this time.

### III. CONCLUSION

For the reasons set forth above, Ms. Perdomo's appeal is **GRANTED** only to the extent that the matter is remanded to the Social Security Administration for consideration of the 2015 IEP, pursuant to 42 U.S.C. § 405(g), sentence 6. On remand, the SSA is free to convene a new hearing, take additional evidence, and make whatever ruling is appropriate on the basis of a full record.

_____
**KEVIN MCNULTY**
**United States District Judge**