UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JACQUELINE PERDOMO o/b/o X.M.**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**NANCY A. BERRYHILL,**<br>**Acting Commissioner of Social Security,**<br><br>　　　　**Defendant.** | Civ. No. 17-cv-5003 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

　　This matter comes before the court upon of the motion of Defendant, the Acting Commissioner of Social Security (the "Commissioner"), for reconsideration (DE 27) of this Court's April 5, 2019 Opinion and Order. That Opinion and Order directed a "Sentence 6" remand for consideration of supplemental evidence in connection with the Commissioner's decision denying Supplemental Security Income ("SSI") for Plaintiff, Ms. Perdomo, on behalf of minor, X.M. (*See* DE 25, 26.) For the reasons stated herein, the motion for reconsideration will be granted.

　　**I.　　BACKGROUND**

　　Because I write for the parties, I assume familiarity with the background of this matter, but will repeat certain facts pertinent to this motion. Ms. Perdomo sought to reverse a 2014 Social Security Administration ("SSA") administrative law judge ("ALJ") decision that her child, X.M., was not disabled and thus not entitled to child's SSI for the time period between April 30, 2012

and July 11, 2014, when X.M. was 5-7 years old. (DE 27 at 2.)[1] Ms. Perdomo appealed the final decision of the Commissioner to this Court, arguing that the Commissioner erred in denying SSI benefits and that the case should be remanded to the SSA for consideration of additional evidence that was not part of the record at the time of the 2014 ALJ decision.

In her appeal to the SSA Appeals Council, Ms. Perdomo argued that the SSA should consider a record from the Newark Board of Education, Robert Clemente School (the "2015 Individual Education Plan" or "2015 IEP"). The ALJ did consider an earlier IEP, dated July 1, 2013 (the "2013 IEP"). The 2015 IEP, however, was not a part of the record before the ALJ in July 2014, for the obvious reason that it did not yet exist. The Appeals Council declined to consider the 2015 IEP because the date of the record, December 18, 2015, fell outside of the claimed period of disability, which ended July 11, 2014. On appeal to this Court, Ms. Perdomo argued for a "Sentence Four" reversal or remand of the Secretary's decision, and also argued that the 2015 IEP was "new evidence" requiring a "Sentence Six" remand for consideration. *See* 42 U.S.C. § 405(g).[2]

---

[1]  X.M. was later found to be disabled and was awarded benefits for a later period. The dispute here, then, is over historical rather than ongoing benefits.

[2]  "Sentence Four" of section 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

"Sentence Six" of section 405(g) states:

> . . . . The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the

I agreed with Ms. Perdomo that the exclusion of the 2015 IEP based on its date was erroneous, because it could contain information that related back to the claimed period of disability. I also found that the 2015 IEP met the standards for "new evidence" under Sentence Six of 42 U.S.C. § 405(g). Specifically, I found that the 2015 IEP was "new" because it was not "merely 'cumulative' of evidence in the record," and that it was "material" because there would necessarily be information in the 2015 IEP pertaining to X.M.'s academic achievement and performance during the claimed period of disability, such as academic assessments, teacher inputs, a progress review, and several evaluations. (DE 25 at 7.) I also determined that I could not "avoid a remand, because I cannot find that there is no possibility that the December 2015 IEP would not have changed the outcome of the ALJ's disability determination." (*Id.*) Finally, I found that there was good cause for not incorporating the 2015 IEP into the administrative record—the IEP did not exist at the time of the 2014 hearing. (*Id.*) As a result, I granted Ms. Perdomo's appeal and remanded the matter to the SSA to consider the 2015 IEP as part of its assessment. I specifically stated that "[o]n remand, the SSA is free to convene a new hearing, take additional evidence, and make whatever ruling is appropriate on the basis of a full record."

---

> failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. . . .

42 U.S.C. § 405(g)

The Commissioner now moves this court to reconsider my decision to remand the matter for consideration of the 2015 IEP, arguing that the prior Opinion contains

(a) a legal error because the state regulation that I relied on "does not contemplate a historical review of a child's academic performance for the entire period between IEPs." (*See* DE 27 at 3); and

(b) a factual error because the 2015 IEP is not, or does not contain, "new evidence."

I will refer to these as "issue (a)" and "issue (b)." I continue to disagree with the Commissioner as to issue (a), which was the basis for my prior decision. I will grant reconsideration, however, based on the Commissioner's factual presentation, which was previously lacking, as to issue (b).

## II. DISCUSSION

### A. Standard of Review

The standards governing a motion for reconsideration are well settled. Reconsideration is an extraordinary remedy that is to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d); *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Local Civil Rule 7.1(i) requires a movant to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL

4

5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

All of that said, this Court will not cling to a ruling if it is convinced that it was erroneous. For the reasons expressed herein, strict application of the reconsideration standard would not be a provident exercise of the Court's discretion. Most likely it would lead to a futile remand, more delay in an already-aged case, and a second, overlapping appeal. Because I have a sufficient basis to decide the issue now, I will do so.

### B. Whether N.J. Admin. Code § 6A:14-3.8 contemplates a historical review of a child's academic performance

The Commissioner first argues that I committed legal error, *i.e.,* that under relevant state law, the 2015 IEP could not relate back to the claimed period of disability (April 30, 2012 to July 11, 2014).[3] In support, the Commissioner cites the state regulation which covers the reevaluation of a student within three years of a previous classification "to determine whether the student continues to have a disability," N.J. Admin. Code § 6A:14-3.8, which she says "does not contemplate a historical review of a child's academic performance for the entire period between IEPs." (DE 27 at 3.) The regulation,

---

[3] The relevant portion of my Opinion states as follows:

> In New Jersey, by default, a child's IEP is conducted every three years. N.J. Stat. Ann. § 6A:14-3.8(a). Thus, by design, each new IEP reviews the child's performance and progress since the child's last IEP, which often will have been formulated some three years prior. Here, on February 7, 2014, at the time of the hearing, the only IEP before the ALJ was dated July 1, 2013. (R. 317). The information within that IEP, then, necessarily cut off as of that date, and perhaps months before. Later, after the hearing, X.M.'s school district compiled the December 18, 2015 IEP. By design, that 2015 IEP included information regarding X.M.'s academic achievement and performance since his last IEP. (R. 451–467). Thus, the 2015 IEP included information on X.M.'s functioning between the July 2013 TEP and the February 2014 hearing. I am satisfied that the IEP relates to the period for which benefits were denied.

in the Commissioner's view, requires the IEP team to review "*current* classroom based assessments and observations" and that reevaluation requires only a determination of "[t]he *present* levels of academic achievement and functional performance" in order to determine the student's current needs. N.J. Admin. Code § 6A:14-3.8 (emphasis added).

That is true as far as it goes; the IEP team is tasked with assessing the student's current needs, not making a historical study of what the student's needs may have been at every point in the past. But it is not the school authorities' ultimate *ruling* that was the basis for my order of remand. It was the historical *information* contained in the 2015 IEP report. Such information, I found, could and likely did relate to the student's status and progress during the period preceding the 2015 IEP—a period which substantially overlapped the period of claimed disability. That is the supplemental evidence that I believed the SSA, as an original matter, should consider. It might or might not change the ALJ's mind, but it is potentially relevant. Consideration of it is not, as the Commissioner would have it, ruled out as a matter of law.

The Commissioner's reading of State law focuses solely on the assessment of the student's current condition. (DE 27 at 3.) In coming to its conclusions about the student's current condition, however, the IEP team may use and incorporate historical data from the years intervening since the last IEP. The applicable regulation specifically states as follows:

> 1. The IEP team shall review *existing* evaluation data on the student, *including*:
>
>> i. Evaluations and information provided by the parents;
>>
>> ii. Current classroom based assessments and observations; and
>>
>> iii. Observations by teachers and related services providers;

N.J. Admin. Code § 6A:14-3.8 (emphasis added). The quoted regulation is a non-exhaustive list of the kinds of information an IEP team may consider when

6

reevaluating a student. The *data,* of course, must be currently "existing," but the data may concern matters that occurred in the past.
Nothing in the regulation precludes the IEP team from using assessments or other information dating from prior years, even if they are contained in a document dating from after the claimed period of disability. True, that information is used to make a current IEP assessment, as of 2015—but the information itself may date from earlier. And if so, as I held earlier, the information may be relevant to the SSA's assessment of the claimant's condition during the claimed period of disability.

I therefore disagree that my prior ruling was based on a legal error regarding the IEP regulations. And I adhere to my ruling that the Appeals Council's basis for rejecting the IEP report—that it dated from December 2015, outside the claimed period of disability—was incorrect. It is the date of the information within the report, not the date of the report itself, that is critical. *See, e.g.,* 20 C.F.R. § 416.1470(a)(5) (Appeals Council to consider new, material evidence that "*relates to* the period on or before the date of the hearing decision") (emphasis added).

The Commissioner expresses a concern that unless I generically rule out consideration of post-hearing IEPs, we may see an avalanche of automatic remands in child disability cases. I find that concern overblown.

First, I am not opening the door to acceptance of new evidence at the district court stage; rather, I am reviewing the Appeals Council's refusal to consider additional information that was in fact presented to it. The remand here was based on what I perceived to be a procedural error—the Appeals Council's refusal to consider the IEP simply because it bore a date of 2015— that prevented potentially relevant information from being considered.[4]

---

[4] One aspect of the prior opinion requires further comment, however. This was not a Sentence 6 remand in the sense that *the court* has received new information that

7

Second, any claimant will have to demonstrate that such information was indeed new and material. Often it will fall between those two stools—i.e., it will relate to a period after the claimed period of disability, or it will duplicate contemporaneous evidence already in the record.

As to issue (a), then, reconsideration is denied. The 2015 IEP may and should be reviewed.

### C. Whether the 2015 IEP contains "new" and "material" information

More substantial is issue (b)—the Commissioner's argument that even if consideration of a post-hearing IEP is not legally barred, the information within *this* 2015 IEP is not in fact "new" or "material." The Commissioner did not fully explore this argument previously, preferring to rely on the categorical argument that consideration of an IEP dating from 2015 was barred as a matter of law. For that lack of factual specificity the Plaintiff must bear part of the blame as well.[5]

---

the agency should consider. It is perhaps better viewed as an ordinary Sentence 4 remand based on a procedural error that impaired the consideration of relevant evidence that had in fact been placed before the agency, albeit at the Appeals Council stage. The distinction is immaterial at this point, given my ruling in the following section.

[5]     Plaintiff's moving brief cited the Appeals Council's legal and procedural error in excluding the 2015 IEP merely because it post-dated the claimed period of disability. (Pl. Brf. 26, DE 18 (citing 20 C.F.R. § 416.1470(a)(5) (Appeals Council to consider new, material evidence that "*relates to* the period on or before the date of the hearing decision") (emphasis added)). Plaintiff's brief was not very specific about what information in the IEP allegedly "relates to the [relevant] period" and is not cumulative.

The SSA's responding brief confined itself to the same legal issue, based on the 2015 date of the IEP. (SSA Brf. 24, DE 19 ("V. Evidence from December 2015, Nearly 18 Months after the ALJ's Decision, Is Not Material Evidence that Could Form a Basis for Sentence Six Remand.")) The SSA brief, like that of Plaintiff, failed to parse the particular information in the IEP for its relevance to the period of disability.

Plaintiff's Reply followed suit, in that it failed to analyze the specific information within the IEP for novelty and materiality. (Pl. Reply 4, DE 21.)

Now, the Commissioner argues that the historical assessments within the 2015 IEP were either too early to be "new," or too late to be "material." That is, the Commissioner cites the assessments one-by-one, and argues that were either

    (a) already contained in the 2013 IEP or other evidence that was before the ALJ and taken into account in the 2014 decision (*See* DE 27 at 4; *see also* Tr. 302, 318, and 452); or

    (b) concerned matters dating from November and December of 2015, and did not address X.M.'s functioning before July 11, 2014. (*See id.*)

Specifically, the Commissioner points to the following historical assessments in the 2015 IEP:

- Speech/Language Evaluation by Sandra Velez dated February 6, 2013;
- Psychological Assessment/Evaluation by Frank Nascimento dated January 30, 2013;
- Social/Emotional Assessment by Jamil Huff dated December 18, 2012;
- Educational Assessment by Denise Gordon dated February 19, 2013;
- Teacher Input by Stephanie Abrantes dated December 17, 2015; and
- Report Card Review by the "CST" dated November 24, 2015.

(*See* Tr. at 452.)

The first four items, assessments by Ms. Velez, Mr. Nascimento, Mr. Huff, and Ms. Gordon, are "material" in the sense that they relate to the period before July 11, 2014—but they are not "new." These assessments were included in the 2013 IEP, which was before the ALJ when the ALJ denied SSI benefits. (*See* Tr. at 23–24 (references to Mr. Huff and Mr. Nascimento's assessments and Exhibit 14E which is the 2013 IEP in the ALJ Opinion), 302,

318, 278–87, 288–93, and 294–98.) The latter two items, current assessments as of November and December 2015, are "new"—but they are not "material." They do not relate to the time period before July 2014. (*See* DE 27 at 5.)

I therefore agree with the Commissioner's analysis. Assuming that the SSA could permissibly have considered the 2015 IEP, it would not have found there was any evidence that was both "new" and "material."

Plaintiff's response to the motion for reconsideration is largely irrelevant. She cites medical records from Drs. Okoh, Yalkowsky, and Gomez-Rivera, which, she says are "consistent" with X.M.'s 2015 IEP, supporting a diagnosis of ADHD, as well as certain behavioral problems and learning disabilities. (*See* DE 28 at 3–4.) These records both date from and relate to the period before July 11, 2014,[6] and are therefore material. They are not, however, "new," because the ALJ specifically considered those records in the 2014 decision. (*See* Tr. at 19, 23, 24 (Dr. Gomez-Rivera's assessments); *see also* Tr. at 22 (Drs. Yalkowsky and Okoh's assessments); Tr. at 41–42 (Exhibit List from 2014 ALJ decision).)

Plaintiff also refers to various school records that again are said to confirm X.M.'s various disabilities as noted in the 2015 IEP. (*See* DE 28 at 5; *see also* Tr. at 191–98 (Teacher Questionnaire dated May 3, 2012 from LaTonya Douglas), 278–99 (2013 IEP), 364–65 (School Correspondence/Teacher's Rating Scale dated May 17, 2012 from Roberto Del Rios), 451–67 (the 2015 IEP).) These documents, however, were either considered as part of the ALJ's 2014 decision, or refer to the 2015 IEP itself. (*See* Tr. at 19–20 (references to Mr. Del Rios's Teacher's Rating Scale and Ms.

---

[6] Plaintiff asserts in her response that one of Dr. Okoh's assessments was dated as of March 14, 2014, (*see* DE 28 at 3), however that is the date that the record was printed. The correct date of this medical record refers to assessments made between September 17, 2012 to June 4, 2013, which was included as one of the medical records considered in the ALJ's 2014 decision.

Douglas's Teacher Questionnaire in 2014 ALJ decision) *see also* Tr. at 23–24 (references to the 2013 IEP).) They do not advance Plaintiff's argument for reconsideration.

As a result, I find that Plaintiff has not pointed to any new and material evidence within the 2015 IEP that would warrant a remand to the ALJ.

### III.  CONCLUSION

The Commissioner's motion for reconsideration is therefore GRANTED and my prior order that the matter be remanded is REVERSED. To be clear, the motion is denied insofar as it relies on issue (a), *i.e.,* the categorical inadmissibility of a post-hearing IEP. It is granted, however, insofar as it relies on issue (b), in that the Court's analysis of the particular information within that 2015 IEP yields the conclusion that it is not new and material.

The Court's prior Order and Opinion, now reversed on reconsideration, remanded for consideration of the 2015 IEP without reaching the Plaintiff's substantive grounds for appeal. I will shortly enter a separate Opinion and Order dealing with those substantive grounds.

An Order will be entered in accordance with this Opinion.

Dated:  July 7, 2020

/s/ Kevin McNulty
_____

**Hon. Kevin McNulty**
**United States District Judge**

11